CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
OCT 19 2010
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| WILLIAM ANDREWS, JR., | CASE NO. 4:10CV00003 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | By: B. Waugh Crigler |
| | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's January 24, 2007 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision issued on May 30, 2008, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, July 1, 2006, and that he was insured for benefits through December 31, 2007[1]. (R. 11.) The

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that he became disabled prior to the expiration of his insured status, December 31, 2007. *See* 20 C.F.R.

Law Judge determined plaintiff's degenerative disc disease of the lumbar spine was a severe impairment, but that he did not have an impairment or combination of impairments which met or equaled a listed impairment. (R. 11-12.) The Law Judge was of the belief that, although plaintiff's medically determinable impairment reasonably could be expected to produce the alleged symptoms, his statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible to the extent that they were inconsistent with the Law Judge's residual functional capacity ("RFC") finding. (R. 13.) The Law Judge found that plaintiff maintained the RFC to perform a full range of medium work, defined as the ability to lift or carry fifty pounds occasionally and twenty-five pounds frequently, to stand or walk about six hours in an eight-hour workday, and sit about six hours in an eight-hour workday. (R. 12.) The Law Judge concluded that plaintiff was capable of performing his past relevant work as a recycler. (R. 15.) The Law Judge found that, in the alternative, other jobs exist in significant numbers in the national economy that he could perform. (*Id.*) Thus, the Law Judge ultimately found plaintiff was not disabled. (*Id.*)

Plaintiff appealed the Law Judge's May 30, 2008 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays*

---

§ 404.131(a). Therefore, any evaluation of the plaintiff's disability following that date relates solely to his claim for SSI benefits.

*v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In brief filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge erred by disregarding his complaints of pain and corresponding limitations caused by degenerative disc disease. (Pl's Brief, pp. 17-19.) Plaintiff contends that his complaints of pain and corresponding limitations are consistent with his described physical activities and otherwise consistent with the record as a whole. (Pl's Brief, p. 17.)

A claimant's subjective complaints of pain must be supported by the objective medical evidence. *Craig*, 76 F.3d at 591; *Johnson v. Barnhart*, 434 F.3d 650, 657 (4th Cir. 2005). Specifically, the evidence needs to show the existence of a medical impairment which could reasonably be expected to produce the amount and degree of pain alleged. *Craig*, 76 F.3d at 591; *Johnson*, 434 F.3d at 657.

Social Security Ruling ("SSR") 96-7p establishes a two-step process for evaluating or assessing a claimant's statements about his or her symptoms. Initially, the Law Judge must determine whether there is an underlying medically determinable impairment which could be expected to produce the symptoms alleged by the claimant. Once such an underlying medically determinable impairment has been found, the Law Judge must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms

limit the claimant's ability to perform basic work activities. When the claimant's statements about the intensity, persistence, or functionally limiting effects of the symptoms are not supported by substantial objective medical evidence, the Law Judge must evaluate the claimant's credibility based on the entire record.

As noted, the Law Judge found that, although plaintiff's medically determinable impairment reasonably could be expected to produce the alleged symptoms, his statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible to the extent that they were inconsistent with the Law Judge's RFC finding. (R. 13.)

Although plaintiff has alleged disabling pain, the Law Judge's decision not to credit that allegation is supported by substantial evidence. For instance, in a Function Report completed by plaintiff on February 15, 2007, he admitted that he could lift between twenty-five and thirty pounds of weight. (R. 130.) The opinions offered by the State agency record reviewing physicians also belie plaintiff's allegations of disabling pain. On March 22, 2007, Juan Astruc, M.D. evaluated plaintiff's medical records during the relevant time period and concluded that plaintiff's allegations were only "partially credible." (R. 193.) The physician noted that plaintiff is able to drive a car, he can complete his personal care activities, and he is able to prepare meals. (*Id.*) Dr. Astruc also noted that plaintiff had admitted he could lift twenty-five to thirty pounds of weight. (*Id.*) Finally, Dr. Astruc determined that plaintiff had pursued appropriate care for his alleged impairments, but that the treatment he had received had been essentially routine and conservative in nature and that the medications he had taken were relatively effective in controlling his symptoms. (*Id.*) On May 3, 2007, Martin Cader, M.D. evaluated plaintiff's medical records and confirmed Dr. Astruc's assessment. (R. 201.)

Next, plaintiff argues that the Law Judge did not give proper weight to the opinions offered by his treating physicians, Nathan Richardson, M.D. and Robert C. Wade, D.O. (Pl's Brief, pp. 19-20.) Plaintiff contends that the Law Judge erred by affording controlling weight to the State agency record reviewing physicians. (*Id.*)

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart,* 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson,* 434 F.3d at 654).

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir.1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig,* 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson,* 434 F.3d at 653; *Craig,* 76 F.3d at 589.

When assessing the opinions offered by Dr. Richardson, the Law Judge noted that Dr. Richardson completed a Work Related Limitations Form on June 22, 2007. (R. 14.) In that assessment, Dr. Richardson opined that plaintiff is capable of lifting and/or carrying only five pounds on an occasional basis, he is unable to perform his past relevant work and he is limited to the performance of less than sedentary work. (R. 205, 207.) The Law Judge determined that Dr.

5

Richardson's assessment was not entitled to any weight because it was not supported by the record. (R. 14.) The undersigned cannot say this determination fails under the substantial evidence test.

At the outset, the undersigned notes that, although plaintiff has alleged that the record "abounds" with examinations by Dr. Richardson, plaintiff's brief cites only the June 22, 2007 assessment. (Pl's Brief, p. 20.) In fact, the undersigned's review of the record reveals that Dr. Richardson had no long-term treatment relationship with plaintiff. Thus, his evidence is not entitled to be given great weight and special consideration.

When assessing Dr. Wade's opinions, the Law Judge noted that on January 25, 2007, Dr. Wade wrote: "Patient is unable to stand or sit for prolonged periods of time secondary to degenerative disc disease of the lumbar spine." (R. 14, 183.) The Law Judge determined that this opinion was not entitled to great weight. (R. 14.)

Dr. Wade's view that plaintiff cannot sit for prolonged periods of time does not necessarily compel a finding that plaintiff suffers disabling back pain because there is other evidence in the record which substantially supports a different conclusion. As noted, plaintiff admitted that he could lift between twenty-five and thirty pounds of weight. (R. 130.) Moreover, the opinions offered by the State agency record reviewing physicians also belie plaintiff's contention that he suffers disabling back pain. In fact, State agency record reviewing physician Dr. Astruc opined that plaintiff could perform a full range of medium exertional work. (R. 188-194.) Specifically, Dr. Astruc found that plaintiff could occasionally lift and/or carry fifty pounds; frequently lift and/or carry twenty-five pounds; stand and/or walk, with normal breaks, for a total of about six hours in an eight-hour workday; and sit, with normal breaks, for a total of

6

about six hours in an eight-hour workday. (R. 189.) The physician found that plaintiff's ability to push and/or pull, including the operation of hand/foot controls, was unlimited, other than to the extent he was limited in his ability to lift and/or carry. (*Id.*) These findings were confirmed by Dr. Cader, also a State agency record reviewing physician. (R. 201.)

Plaintiff next argues that the Law Judge erred by failing to present all of his limitations in the hypothetical presented to the vocational expert ("VE"). (Pl's Brief, pp. 20-21.) Plaintiff asserts that when asked to account for all of his claimed limitations, the VE found there were no jobs available to plaintiff. (Pl's Brief, p. 21.)

Because the VE was asked to opine based on the RFC found by the Law Judge, there is nothing erroneous about that as long as the Law Judge's determination of a claimant's RFC is supported by substantial evidence. Here, it is.

Finally, plaintiff argues that the Law Judge's finding that he could perform his past relevant work as a recycler is "irrational" and constitutes reversible error. (Pl's Brief, pp. 21-23.) Specifically, plaintiff contends that his position as a recycler, as he performed it, required a greater exertional capacity than allowed by the Law Judge's RFC finding. (Pl's Brief, p. 22.)

The regulations define past relevant work as work "as the claimant actually performed it or *as generally performed in the national economy.*" 20 C.F.R. § 404.1560(b)(2) (emphasis added). The Law Judge, therefore, did not err in considering whether plaintiff could perform his past relevant work as it is performed in the national economy. The VE testified that, according to the Dictionary of Occupational Titles (DOT), plaintiff's past relevant work as a recycler was unskilled and medium exertional. (R. 30.) Thus, substantial evidence supports the Law Judge's finding that plaintiff was able to return to his past relevant work. Even if it was not, and even if

7

plaintiff was found unable to perform his past relevant work, the Law Judge's finding that there were other jobs available to a person with plaintiff's RFC is supported by substantial evidence. (R. 15.)

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

10-19-10
Date